IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| A.P.H-D., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:25-cv-15-CDL-AGH |
| : | 28 U.S.C. § 2241 |
| Warden RUSSELL WASHBURN, : | |
| : | |
| Respondent. : | |

## ORDER

On February 12, 2025, Respondent filed a Motion to Dismiss Petitioner's application for habeas relief (ECF Nos. 6, 1). Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. The Court considers the pleadings and the petition in deciding whether dismissal is appropriate. The parties may submit their argument to this Court by filing briefs in support of or briefs in opposition to said motions. Petitioner should respond to Respondent's Motion to Dismiss in accordance with this Order.

The law provides that the party against whom dismissal is sought must be given ten (10) days' notice of the dismissal rules. In addition, the party upon whom a motion to dismiss has been filed has the right to file a brief in opposition to a motion to dismiss. If he fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law.

**FAILURE OF PETITIONER TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN RESPONDENT'S BRIEF MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment to Respondent and there would be no hearing or further proceedings regarding this case. Accordingly, Petitioner is notified of his right to file a response to Respondent's Motion to Dismiss. Any such response should be filed within thirty (30) days of the date of this Order. Thereafter, the Court will consider Respondent's Motion to Dismiss and any opposition to same filed by Petitioner and issue its ruling thereon.[1]

**SO ORDERED**, this 10th day of April, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[1] On March 28, 2025, the Court directed Respondents to supplement their motion to dismiss, because Respondents contended that Petitioner had been released from detention under an order of supervision ("OSUP"), but a copy of the OSUP was not filed with the motion to dismiss, and did it appear that Petitioner received a service copy of the motion to dismiss (ECF No. 9). Because Respondents have now filed a copy of the OSUP and shown service on Petitioner at an address in Eatonton, Georgia (ECF Nos. 10, 11), the Court re-issues its prior notice of Respondents' motion to dismiss. The Clerk is **DIRECTED** to forward a service copy of this Order to Petitioner at the address listed for Petitioner on the certificate of service accompanying Respondent's response. Response, at 3, ECF No. 11.